Hon. A. M. Buchanan,
Hon. H. M. Spofford,
Hon. J. N. Lea,
Hon. C. Voorhies,
} *Associate Justices.*

---

Gabriel Guzman *v.* P. A. Walker.

*Decision in the case of Holmes* v. *Wiltz* affirmed.

APPEAL from the District Court of the parish of East Baton Rouge, *Robertson,* J. *Burk,* for plaintiff and appellant. *Joor,* for defendant.

Spofford, J. On the 10th March, 1854, the Governor of the State issued a commission in favor of the respondent *Walker,* appointing him a Notary Public, in and for the parish of East Baton Rouge.

The respondent was qualified and is now in possession of the office.

On the 15th February, 1856, the present Governor of the State issued a commission in favor of the relator *Guzman,* appointing him " a Notary Public in and for the parish of East Baton Rouge, *vice P. A. Walker,* whose term of office has expired."

The relator having applied to *Walker* for his notarial books and papers, under the pretence of being his successor in office, (a pretension that was denied by the latter, who insisted that his term had not expired,) procured a mandamus *nisi* to compel a delivery of the books and papers in question. Upon a hearing the mandamus was dismissed and the relator has appealed.

It seems to be conceded that the defendant *Walker* was duly appointed and qualified in 1854.

His term of sevice, under the old law of 1813, was during good behavior, It was reduced to four years by the Act of March 14th, 1855, unless, indeed, his office was abolished and a new one created in its place by that statute.

It is contended that, such was the legal effect of the statute of March 14th, 1855, " Relative to Notaries Public;"—Session Acts, p. 322. This Act forms

one of the series of "Revised Statutes" adopted in 1855, and contains the repealing clause which was the subject of judicial interpretation in the late case of *Holmes* v. *Wiltz.*

By reference to the *projet* printed in 1855, and prepared by the commissioner, *Mr. U. B. Phillips*, under the direction of a joint committee of the Legislature, it will be seen that the statute in question is but a digest (with some slight alterations) of pre-existing laws concerning Notaries Public passed in 1805, 1807, 1808, 1809, 1813, 1821, 1822, 1827, 1838, 1845 and 1853.

For the reasons given in the case of *Holmes* v. *Wiltz,* we are of the opinion that it was not the intention of the Legislature, in adopting the statute of March 14th, 1855, "Relative to Notaries Public," to abolish all the notarial offices then existing, and to create new and different offices in their stead.

The term of the respondent, therefore, had not expired when the relator was appointed in his place. If he had acquiesced in the appointment of *Guzman as his successor,* by giving up the office or otherwise, his conduct would have amounted to a tacit resignation. As he has always resisted the construction of the law which seems to have been placed upon it by the relator and the Governor who appointed him, we think the District Judge did not err in discharging the mandamus.

Judgment affirmed.